UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KATHRYN JUNGER, and ROBERT T. DANZI,
as Co-Administrators of the Estate of George Edward
Junger, Deceased, and KATHRYN JUNGER,
Individually,

**Hon. Hugh B. Scott**

Plaintiffs,

16CV564W

**Order**

v.

HARPREET SINGH,
CHRISTOPHER T. MALLAVARAPU, et al.,

Defendants.

Before the Court is plaintiffs' motion to determine the reasonable fee for one of the defendant's expert under Federal Rule of Civil Procedure 26(b)(4)(E) (Docket No. 100). Responses to this motion were due by August 24, 2018, replies by August 31, 2018 (Docket No. 101), defendant Dr. Christopher Mallavarapu (hereinafter "defendant") provided a timely response (Docket No. 104), to which plaintiff replied (Docket No. 105). Then the motion was argued on September 5, 2018 (Docket Nos. 106, 108). The motion was deemed submitted as of September 5, 2018.

## **FACTS**

Defendant Dr. Mallavarapu retained Dr. Phillip Duncan, a general cardiologist, as an expert (see Docket No. 100, Pls. Atty. Affirm. ¶ 5(1)). Plaintiffs deposed Dr. Duncan on May 25, 2018, for almost two and a half hours (id. ¶ 2). Dr. Duncan invoiced defendant (who

passed the cost to plaintiffs) for $14,000 for two days per diem, plus travel expenses (id. ¶ 3, Ex. A). At issue is the reasonableness of the per diem rate. Plaintiffs argue that this fee is "unreasonable and unconscionable" (id. ¶ 3; see id. ¶ 5).

Dr. Duncan testified that he spent one hour preparing for that testimony (id. ¶ 6, Ex. D, EBT of Dr. Duncan Tr. at 149). The record does not indicate Dr. Duncan's travel time to and from his home in Richmond, Virginia, to Buffalo New York.

Plaintiffs objects to the rate. They argue that flat expert rates (such as this per diem rate) are disfavored (Docket No. 100, Pl. Memo. at 2), Allstate Ins. Co. v. Electrolux Home Products, No. 16CV303, 2018 WL 1795637, at *3 (W.D.N.Y. Apr. 16, 2018) (Schroeder, Mag. J.); see Nnodimele v. City of N.Y., 13 CV3461, 2015 WL 4461008 (E.D.N.Y. July 21, 2015) (Mann, Mag. J.). Plaintiffs cite as reasonable the rate structures of their expert and some codefendant's expert, breaking out their time by in-court time, preparation time, and travel time, with rates for each period (decreasing from in-court time to travel time) (id., Pls. Atty. Affirm. ¶¶ 7-8; see also Docket No. 105, Pls. Atty. Reply Affirm. ¶ 7; cf. Docket No. 104, Def. Atty. Decl. Ex. A, invoice of Dr. Peter Petropoulos, with varying rates for time categories). Plaintiffs argue that in court rate of $500 and the same rate for travel and preparation times should apply and a total $3,146.47 (at 2½ hours of testimony, two hours of preparation time, but no time for travel, and invoiced $896.47 for travel expenses) is reasonable (Docket No. 100, Pls. Atty. Affirm. ¶ 8[1]). The second hour of preparation time presumably is crediting Dr. Duncan with an hour reviewing his report the night before the deposition (id.). Plaintiffs, in reply, contend that they could not

---

[1]Plaintiffs state that $3,149.47 is the reasonable amount, Docket No. 100, Pls. Atty Affirm. ¶ 8. But addition of the time charge, totaling $2,250, and the travel expenses of $896.47, see Docket No. 100, Pls. Atty. Affirm. Ex. A, totals only $3,146.47.

2

credit Dr. Duncan for his travel time absent an invoice delineating the time expended (Docket No. 105, Pls. Atty Reply Affirm. ¶ 8).

Defendant objects, concluding that the rate charged by Dr. Duncan ($14,000) constitutes the value of his time that he could not expend for other professional purposes while preparing for and traveling to and from the deposition, as well as his actual testimony (Docket No. 104, Def. Dr. Mallavarapu Atty. Decl. ¶¶ 3, 5, 13). Defense counsel counters that he spent 8.5 hours in preparation with Dr. Duncan prior to this testimony, during his testimony, and in "discussions related to his testimony" (id. ¶ 10) and spent 5.5 hours away from his practice (in transit and other travel-related time) (id. ¶ 12). Defendant next points to plaintiffs' expert and his claim for his travel time of 10.5 hours from Potomac, Maryland, deemed reasonable by plaintiffs and paid without incident by defendant (id. ¶ 21, Ex. A), concluding that Dr. Duncan's time travel also is reasonable (id. ¶ 21). Calculating at a per hour rate, rather than the per diem charged, with discounted rate for travel time, defendant argues that the result would lead to an equal or greater charge for the doctor's time (id. ¶¶ 23, 25).

## **DISCUSSION**

I.  Applicable Standards

Under Rule 26(b)(4)(A), a party may depose an opponent's expert and "unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a <u>reasonable</u> fee for time spent in responding to discovery . . .," Fed. R. Civ. P. 26(b)(4)(E) (emphasis added). For the deposition of an expert, the time expended in the expert's preparation and travel time to and from the deposition site are compensable under this rule, <u>Nnodimele</u>, <u>supra</u>, 2015 WL 4461008, at *2 (citing cases); <u>Lent v. Signature Truck Sys., Inc.</u>, No. 06CV569,

3

2012 WL 1431257, at *1 (W.D.N.Y. Apr. 24, 2012) (Skretny, Ch.J.) (see also Docket No. 104, Def. Atty. Decl. ¶¶ 24, 6); New York v. Solvent Chem. Co., 210 F.R.D. 462, 471 (W.D.N.Y. 2002) (Curtin, J.).

Courts in this Circuit have adopted factors to consider to determine whether an expert's charges for expended in court, preparation, and travel time are reasonable. These factors include the witness's area of expertise; the expert's education and training; "the prevailing rates for other comparably respected available experts"; the nature, quality, and complexity of the discovery responses provided; the cost of living in the expert's home; "any other factor likely to be of assistance to the court in balancing the interests implicated in Rule 26"; the fee charged by the expert to the retaining party; and the fees "traditionally charged by the expert on related matters," Kreyn v. Gateway Target, No. CV-05-3175 (ERK)(VVP), 2008 WL 2946061, at *1 (E.D.N.Y. July 31, 2008); Nnodimele, supra, 2015 WL 4461008, at *2. No one factor is dispositive, e.g., Nnodimele, supra, 2015 WL 4461008, at *2. Defendant, as the party seeking to recoup the expert's charges, bears the burden to show that the fee charged is reasonable, see id. at *2, 4; Marin v. United States, No. 06 Civ. 552(SHS), 2008 WL 5351935, at *1 (S.D.N.Y. Dec. 22, 2008)); Allstate Ins., supra, 2018 WL 1795637, at *2.

II.     Reasonableness of Expert Charges

    A.     Factors

Applying the factors discussed above, defendant's expert is a general cardiologist from Richmond, Virginia (Docket No. 100, Pl. Atty. Affirm. ¶ 5(1)). Much of the information required to apply the factors is unknown. For example, and as plaintiff notes, for the fifth factor the cost of living in Richmond is not disclosed (Docket No. 100, Pl. Atty. Affirm. ¶ 5(5)), and

4

defendant did not produce Dr. Duncan's travel time. Instead, defendant invoiced plaintiffs at the per diem rate (see id., Ex. A), a rate defendant contends was disclosed to plaintiffs without objection in defendant's expert disclosure (Docket No. 104, Def. Atty. Decl. ¶ 8) and, during oral argument, defense counsel made an unsupported proffer about travel time estimates between Richmond and Buffalo. Defendant accepts the reasonableness of Dr. Duncan's per diem rate. Generally, defendant does not address these factors.

As for the second factor, Dr. Duncan appears to have the training of a medical doctor who specialized in cardiology (see Docket No. 100, Pls. Atty. Affirm. ¶ 5(2)). On the third factor, plaintiffs cite as prevailing rates from their interventional cardiologist expert, who charged $500 per hour for preparation and testimony (id. ¶ 5(3)). Defendant distinguished this expert because he was not required to incur travel expenses or time (see Docket No. 104, Def. Atty. Decl. ¶ 15), but defendant has not commented on whether the rate charged for preparation and testimony time is a prevailing rate. Defendant also focused on the travel time for another plaintiffs' expert, Dr. Petropoulos (see id. ¶¶ 18, 21, Ex. A) but again is silent as to the rate charged by that expert (noting that defendant paid the full amount claimed by that expert, id. ¶ 18). During oral argument, defense counsel did not agree that there was a customary rate for experts in this case. Nevertheless, this Court finds that the prevailing rate from other experts here is $500 per hour for testimony and lesser rates for preparation or travel time.

The fourth factor, the nature of discovery here was deposition of Dr. Duncan, for about two and a half hours for the care rendered by defendant to decedent George Johnson during the first day of two days of Johnson's hospitalization (Docket No. 100, Pls. Atty. Affirm. ¶ 5(4)). The fee Dr. Duncan charges is $7,000 per day (or approximately $1,000 per hour for an eight-

5

hour business day) and charged defendant $1,000 per hour to study and evaluate the case (id. ¶ 5(6)). Plaintiffs did not know the charges of similar experts (for the seventh factor) (id. ¶ 5(7)), although the other experts mentioned in this case charge $500. As for the any other factors for consideration, plaintiffs invoke the arguments made about the site for the expert depositions of plaintiffs' expert from Baltimore, concluding that defendant should show equally skilled experts are in this District (adopting a codefendant's prior argument) (id. ¶ 5(8)). At this stage with the expert retained and already deposed, however, and absent plaintiffs presenting the charges of local experts, that last factor is of no moment. A party has the right to choose the expert of their choosing; Rule 26(b)(4)(E) only requires the deposing party to pay <u>reasonable</u> charge for that expert's discovery. That expert can make his or her travel arrangements without considering what the deposing party might agree to after the fact.

These factors point to the method for determining the reasonable rates here (whether a per diem or categorical rate scheme should be used) and the rate reasonable for plaintiffs to cover the expert's time in responding to their discovery.

B. Classification of Expert's Time

This Court finds that is it reasonable to break out of expert's use of time by three key categories: testimonial in court time (during his deposition), travel time to and from the deposition, and any preparation time for the expert. Here, defendant has not produced a breakdown of Dr. Duncan's time in this manner. In his response (Docket No. 104, Def. Atty. Decl. ¶¶ 10, 11, 12) and during oral argument, defense counsel made a proffer of the amounts of time he believed Dr. Duncan used in travel and substantiated the over eight hours defense counsel claimed he spent with Dr. Duncan in preparation for the deposition. If defendant wishes

to recover for Dr. Duncan's travel time, **Dr. Duncan should provide his door-to-door travel time to and from this Buffalo deposition to determine a reasonable charge**. If defendant wishes to recover this portion of Dr. Duncan's charges, defendant should submit to plaintiff the expended travel time **within fourteen (14) days from entry of this Order**.

As for his preparation time, Dr. Duncan testified that he spent one hour in preparation (Docket No. 100, Pl. Atty. Affirm. ¶ 6, Ex. D, EBT of Dr. Duncan Tr. at 149). While defense counsel attempted to justify the eight hours he claimed were expended preparing the doctor, this Court rests upon the expert's own testimony of the amount of time he spent preparing. From the present record, it is unclear how much of the eight hours claimed by defense counsel was to prepare for testimony at this deposition and how much was to assist the defense to prepare for trial, time not reasonably chargeable to opponents, see Nnodimele, supra, 2015 WL 4461008, at *4. As all are aware, this case involves multiple codefendants, each of whom with cross claims against each other. Some of defendant's preparation of Dr. Duncan may have included addressing those cross-claims. It is not reasonable to have plaintiff pay for that preparation, even if none of the codefendants deposed Dr. Duncan. Plaintiff was willing to credit two hours for preparation (Docket No. 100, Pl. Atty. Affirm. ¶ 8). To establish a reasonable charge here, this Court accepts plaintiff's crediting of **two hours** of preparation time.

The actual deposition period is not contested. All agree that Dr. Duncan spent approximately two and a half hours in his deposition and this Court **accepts that time as reasonable**.

C. Reasonable Fee Rates Applied

The next issue is the reasonable fee, per hour, for the categories of the expert's time. First, this Court accepts the method of **reducing the fee from the maximum return for in-court/deposition testimony time to preparation time to travel time**. Defendant has not objected to this methodology. As other courts in this Circuit, see Nnodimele, supra, 2015 WL 4461008, at *2-3, 6 (applying hourly rate of $200 for reasonable time incurred in testifying and $100 for travel time), this Court next **rejects the per diem method**. Flat fees are generally unreasonable, since they subsume (as here) recovery for time not necessarily used in complying with the discovery request, see id. at *2. The per diem rate presumes that all the expert's time was devoted in one form or another to the expert testimony in that case. Here, this record has unexplained portions of time (such as Dr. Duncan's actual travel time). It is not clear that the doctor was unavailable for other work during the two days claimed under a per diem rate. While defendant may select whichever expert of his choosing or agree to whatever fee arrangement with that expert, Rule 26(b)(4)(E) only requires the discovering party to pay reasonable charges to examine that expert. Specifying so much of that expert's time in responding to the discovering party's discovery request is subject to Rule 26(b)(4)(E) reimbursement.

As for Dr. Duncan's **in-court time, the reasonable rate is $500 per hour**. This rate is comparable to other experts that have been identified in this record (Docket No. 100, Pls. Atty Affirm. ¶¶ 7, 8 (Dr. Resar's rate)). Again, defendant has not objected to this rate. Thus, for the two and a half hours of deposition time, Dr. Duncan is owed **$1,250.00**.

As for Dr. Duncan's preparation time, accepting that he spent **two hours total in preparation, the reasonable rate for that time is $250 per hour** (or half discount from in-

8

court time), for a total reasonably charged of **$500.00**. This differs from plaintiffs' position, in which they offered to pay the same rate for in-court and preparation time (Docket No. 100, Pls. Atty. Affirm. ¶ 8) (and presumably travel time, if fully disclosed) and the rate of $1,000 per hour the doctor charged defendant to review and evaluate the case (cf. id. ¶ 5(6)).

The last category, the doctor's actual travel time, is unknown. Both sides agree to compensate Dr. Duncan for his travel expenses; the issue here is the rate reasonable for his time while going door-to-door from Richmond, Virginia, to the deposition in this District and back. This time is recoverable but none of the parties presented evidence of Dr. Duncan's travel time; instead, defense counsel proffered his estimate of that travel time. Applying a reasonable rate of **$125 per hour** (or one quarter of the in-court rate found to be reasonable above), once defendant obtains and serves the doctor's total travel time, the reasonable rate for the travel time can be computed.

## **CONCLUSION**

For the reasons stated above, plaintiffs' motion to settle the reasonable expert charges by defendant Dr. Mallavarapu for Dr. Phillip Duncan for responding to plaintiffs' discovery is **granted in part** and decided as follows. For Dr. Duncan's preparation and testimonial time, the reasonable fee totals **$1,750.00**. Dr. Duncan also should recover his reasonable travel expenses totaling **$896.47**. From the fully developed record on these categories, plaintiffs owe **$2,646.47**.

As for his travel time expended on May 24 and 25, 2018, defendant has up to **fourteen (14) days to serve upon plaintiffs** Dr. Duncan's actual travel time door-to-door to appear at the Buffalo, New York, deposition and return home to Richmond, Virginia. If provided, the

9

reasonable rate for that time is **$125.00 per hour for travel time** and the amount plaintiffs owe for that portion of expert's time can be determined.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 20, 2018